1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERIBAY DIAZ-CORTEZ,

        Plaintiff,

    v.

UNITED STATES OF AMERICA,

        Defendant.

Case Nos. C16-1248-RAJ; C16-1687-RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court on *pro se* Petitioner Eribay Diaz-Cortez's Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody. Case No. C16-1248-RAJ (Dkt. # 1); Case No. C16-1687-RAJ (Dkt. # 1). For the reasons that follow, the Court **DENIES** Diaz-Cortez's motions.

## II.   BACKGROUND

On December 3, 2015, Diaz-Cortez pleaded guilty to a charge that he violated 18 U.S.C. § 922(g)(5)(A), which prohibits the possession of a firearm by an alien who is unlawfully in the United States. Case No. CR15-289-RAJ, Dkt. ## 22, 23 (W.D. Wash. Dec. 3, 2015).

On March 4, 2016, the Court sentenced Diaz-Cortez to serve forty-two months in prison. Dkt. # 30. In doing so, the Court adopted the Presentence Investigation Report ("PSR"), which recommended three sentencing enhancements: (1) a two-level enhancement under U.S.S.G. § 2K2.1(b)(1)(A) because Diaz-Cortez possessed three

ORDER – 1

firearms, PSR ¶ 14; (2) a two-level enhancement under U.S.S.G. § 2K2.1(b)(4)(A) because two of the firearms that Diaz-Cortez possessed had been stolen, PSR ¶ 15; and (3) a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) because Diaz-Cortez possessed the firearms in connection with a separate felony offense, PSR ¶ 16.

On August 8, 2016, Diaz-Cortez filed a § 2225 motion to reduce his sentence pursuant to the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015). On September 13, 2016, filed a second § 2255 motion claiming ineffective assistance of counsel. The Court ordered that a separate cause number be opened for the second motion.

### III. LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion to vacate, set aside, or correct his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."

### IV. DISCUSSION

#### A.    § 2255 Motion in Case No. C16-1248-RAJ

In his first § 2255 motion, Diaz-Cortez contends he was sentenced improperly in light of *Johnson*, 135 S. Ct. 2551. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") violates the Due Process Clause because it is unconstitutionally vague. Diaz-Cortez argues that the Supreme Court's holding in *Johnson* renders his sentencing enhancements illegal.

*Johnson* does not afford Diaz-Cortez the relief he requests. The Court did not sentence him under the ACCA. Moreover, the U.S.S.G. enhancements applied to his sentence are not similar to the residual clause of the ACCA. Even if they were, the Supreme Court recently held that U.S.S.G. enhancements "are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 886, 892

ORDER – 2

(2017).  The Court **DENIES** Diaz Cortez's § 2255 motion in Case No. C16-1248-RAJ.

### B.       § 2255 Motion in Case No. C16-1687-RAJ

In his second § 2255 motion, Diaz-Cortez raises four ineffective assistance of counsel claims.  First, he contends that his trial counsel failed to advise him of his Fifth and Sixth Amendment rights before he pleaded guilty.  Second, he contends that counsel failed to ensure that his guilty plea was supported by sufficient evidence that he committed the crime of conviction.  Third, he contends that counsel failed to ensure that he received a sufficient opportunity for allocution at his sentencing hearing.  Fourth, he contends that counsel failed to file a notice of appeal.

A claim for ineffective assistance requires a showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) that the claimant was prejudiced by counsel's inadequate performance.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The first step requires showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.*   In applying this first step, courts "must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance."  *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quotation marks and citation omitted).  The second step requires showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.

Diaz-Cortez cannot make the requisite showing under *Strickland*.  First, he cannot show he was improperly advised of his constitutional trial rights because the hearing transcript shows that the Court carefully advised him of the rights he was waiving by entering a guilty plea.  Dkt. # 8-1 (Transcript of Felony Plea Hearing).  Second, he cannot show that his guilty plea was unsupported by sufficient evidence because he admitted to engaging in conduct that meets the requisite elements of 18 U.S.C. § 922(g)(5)(A).  *Id.* at 14.  Third, he cannot show that he was deprived of the opportunity for allocution because

ORDER – 3

the transcript of the sentencing hearing shows that he was offered the opportunity to address the Court, yet declined. Case No. CR15-289-RAJ, Dkt. # 33 at 17 (W.D. Wash. March 4, 2016). Fourth, even if Diaz-Cortez were able to show that counsel acted unreasonably by failing to heed his request to appeal, he cannot establish prejudice. As part of his plea agreement he waived his right to appeal in exchange for the Government not charging him with drug-related offenses. *Id.*, Dkt. # 22 at 7-8 (Plea Agreement). Diaz-Cortez's ineffective assistance claims are without merit.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Diaz-Cortez's Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody. Case No. C16-1248-RAJ (Dkt. # 1); Case No. C16-1687-RAJ (Dkt. # 1).

DATED this 3rd day of May, 2017.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4